■ 1824-53RD STREET REALTY CORP., Respondent, v DANIEL PERLA ASSOCIATES, Appellant.—In a proceeding to cancel and discharge a mortgage, Daniel Perla Associates appeals from a judgment of the Supreme Court, Kings County (Williams, J.), dated October 30, 1985, which granted the petition, and directed that upon the receipt of the sum of $37,070.12, the appellant execute and deliver a satisfaction of the mortgage in question to the petitioner, and deliver to the petitioner the mortgage note that had been executed with the mortgage in question.

Ordered that the judgment is affirmed, with costs.

The narrow issue presented by this appeal is whether the petitioner, the mortgagor of certain property, is entitled to prepay that portion of the mortgage which had been assigned to the appellant, and receive in return a satisfaction of the mortgage debt reflecting that prepayment. We answer this question in the affirmative. Pursuant to the terms of the mortgage and mortgage note, the petitioner possessed an unqualified right to prepay all or part of the mortgage debt. Indeed, the appellant concedes this very fact. Accordingly, Special Term properly granted the petitioner the relief requested.

The appellant appears to challenge the propriety of the judgment by claiming that the petitioner violated the assignment by previously remitting payment in satisfaction of the remaining portion of the mortgage owed to Shangri-La Realty Corporation (hereinafter Shangri-La) directly to Shangri-La, the original mortgagee (Shangri-La had reserved to itself and not assigned that portion of the mortgage). Such a contention in no way affects the petitioner's right to prepay the mortgage, and does not constitute a viable defense to the relief sought in the petition. Moreover, insofar as the appellant, on

appeal, suggests that it is entitled to damages based upon this alleged violation of the assignment agreement, since it never previously interposed a request for such damages, it is foreclosed from seeking such relief at this juncture. Moreover, to the extent that the appellant seeks relief that would affect the rights and interests of Shangri-La, such relief would be inappropriate, since Shangri-La is not a party to this action *(see,* CPLR 1001). Bracken, J. P., Rubin, Eiber and Spatt, JJ., concur.